IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIJAH M. SMITH,

      Plaintiff,                    No. CIV 2:10cv0679-JFM (PC)

    vs.

J.K. ROWLING,

      Defendant.            <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has not, however, filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. <u>See</u> 28 U.S.C. § 1915(a)(2). Plaintiff will be provided the opportunity to submit a certified copy of his prison trust account statement.

        Additionally, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

1  28 U.S.C. § 1915A(b)(1),(2).

2  A claim is legally frivolous when it lacks an arguable basis either in law or in
3  fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
4  28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
5  indisputably meritless legal theory or where the factual contentions are clearly baseless.
6  Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
7  inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d
8  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

9  A complaint, or portion thereof, should only be dismissed for failure to state a
10 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
11 of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
12 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
13 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
14 complaint under this standard, the court must accept as true the allegations of the complaint in
15 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
16 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
17 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

18  Examination of the complaint reveals the factual contentions to be baseless.
19 Plaintiff brings his complaint against author J.K. Rowling for $18,000,000,000.00, though the
20 nature of the claim is not entirely clear. (Compl. at 3.) Plaintiff seems to assert that he is the
21 author of a Harry Potter book and seeks defendant's assistance in teaching children the alphabet
22 and arithmetic. (Id.)

23  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
24 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
25 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
26 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

1 there is some affirmative link or connection between a defendant's actions and the claimed
2 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
3 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
4 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
5 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6            In addition, plaintiff is informed that the court cannot refer to a prior pleading in
7 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
8 complaint be complete in itself without reference to any prior pleading.  This is because, as a
9 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
10 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
11 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
12 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

13            In accordance with the above, IT IS HEREBY ORDERED that:

14            1. Plaintiff shall submit, within thirty days from the date of this order, a certified
15 copy of his prison trust account statement for the six month period immediately preceding the
16 filing of the complaint.  Plaintiff's failure to comply with this order will result in a
17 recommendation that this action be dismissed without prejudice.

18            2. Plaintiff's complaint is dismissed.

19            3. Plaintiff is granted thirty days from the date of service of this order to file an
20 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
21 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
22 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
23 /////
24 /////
25 /////
26

an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: March 29, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

/014.smit0679.3c+14

4