1
2
3
4
5

6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE EASTERN DISTRICT OF CALIFORNIA

8  ELIJAH M. SMITH, JR.,

9          Plaintiff,                No. 2:10-cv-0679 JAM JFM (PC)

10     vs.

11  J.K. ROWLING,

12          Defendant.                <u>ORDER AND</u>

13  _____/             <u>FINDINGS & RECOMMENDATIONS</u>

14              On March 22, 2010, plaintiff, a state prisoner proceeding pro se, filed an amended

15  civil rights complaint pursuant to 42 U.S.C. § 1983 and an incomplete request for leave to

16  proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.  On March 30, 2010, plaintiff's

17  request to proceed IFP was denied, plaintiff was granted thirty days from the date of the

18  complaint to file a second IFP application, plaintiff's complaint was dismissed for failure to state

19  a claim; and plaintiff was granted thirty days to file an amended complaint.

20              On April 9, 2010, plaintiff filed an amended complaint and a second IFP motion

21  not on the form utilized by this district.  On April 28, 2010, plaintiff's IFP application was

22  denied.  Plaintiff was again granted leave to file a third motion for IFP.  Plaintiff failed to file a

23  timely motion.  On June 15, 2010, this court issues findings and recommendations

24  recommending that plaintiff's amended complaint be dismissed for failure to pay the filing fee.

25              On June 17, 2010 and on June 24, 2010, plaintiff filed a third and fourth motion to

26  proceed IFP, respectively.  The third motion is again on a form not utilized by this district.  The

                                             1

1   fourth motion is proper and complete.  Because plaintiff has submitted a declaration that makes
2   the showing required by 28 U.S.C. § 1915(a), the request to proceed in forma pauperis will be
3   granted.

4         Additionally, the court is required to screen complaints brought by prisoners
5   seeking relief against a governmental entity or officer or employee of a governmental entity.  28
6   U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has
7   raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
8   may be granted, or that seek monetary relief from a defendant who is immune from such relief.
9   28 U.S.C. § 1915A(b)(1),(2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in
11   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
12   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13   indisputably meritless legal theory or where the factual contentions are clearly baseless.
14   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
15   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
16   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17         A complaint, or portion thereof, should only be dismissed for failure to state a
18   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
20   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
22   complaint under this standard, the court must accept as true the allegations of the complaint in
23   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26   /////

Examination of the amended complaint reveals that it is substantially similar to the March 22, 2010 complaint that was dismissed for failure to state a claim. That is, plaintiff again asserts that he is the rightful author of the "Harry Potter" book series instead of defendant. Because granting leave to amend would be futile, the complaint should be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

Accordingly, IT IS HEREBY ORDERED that the findings and recommendations filed on June 15, 2010 are vacated; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's June 17, 2010 motion to proceed in forma pauperis be denied;

2. Plaintiff's June 24, 2010 motion to proceed in forma pauperis be granted; and

3. Plaintiff's April 9, 2010 amended complaint be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 20, 2010.

UNITED STATES MAGISTRATE JUDGE

/014;smit0679.dismiss